UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=============================================X
LEE ANN MERCANDO and WINE HOSTESS, INC.

                      Plaintiffs,

- against -

KALANI TOM,

                      Defendant.
=============================================X

**VERIFIED COMPLAINT**

Docket No. 08/0191

ECF case (KMK)

      Plaintiffs Lee Ann Mercando and Wine Hostess, Inc., by their attorneys Coleman & Seife, as and for their complaint, allege as follows:

### JURISDICTION

      1.      This is an action for infringement under the Trademark Laws of the United States, 15 U.S.C. §1051, *et seq.*, for violations of the Lanham Act, and for common law unfair competition, as more fully alleged below.

      2.      Jurisdiction of the subject matter of this action is conferred on this Court by 28 U.S.C. §1338, and under the Trademark Laws of the United States, 15 U.S.C. §1051, *et seq.*, and principles of ancillary and pendent jurisdiction.

      3.      Venue is proper in this judicial district for the trademark claims under 28 U.S.C. §1400(a) and §1391, as amended, including the 1990 Judicial Improvements Act.

### THE PARTIES

      4.      Plaintiff Lee Ann Mercando (hereinafter "Mercando") is an individual residing at 3 Roland Road, Irvington, New York, County of Westchester. Mercando is a sommelier, and in 2006, created the website The Winehostess.com on which she sought to educate consumers

1

about wine, including, but not limited to, pairing food with wines, restaurant ordering etiquette and wine tasting.

5. Plaintiff Wine Hostess, Inc. (hereinafter "Wine Hostess") is a New York corporation doing business in the State of New York with its principal place of business in Westchester County in the State of New York. Wine Hostess was formed with Mercando as its President and is also in the business of educating consumers about wine, including, but not limited to, pairing food with wines, restaurant ordering etiquette, and wine tasting. Mercando developed her website and began doing business prior to the formation of Wine Hostess but now does business under Wine Hostess' corporate structure.

6. Upon information and belief, defendant Kalani Tom (hereinafter "Tom") resides at 313 West 90th Street – Apt. 3R, in the City, County and State of New York. Upon information and belief, in or about November of 2007, Tom created the website "WinehostessNY.com" in which sommeliers are sent to the homes of consumers to help plan wine tasting events.

7. Upon information and belief, defendant Tom has directly or through her agents, transacted business within this district out of which the claims herein arise, has committed tortious acts within this district or has committed tortious acts without this district causing injury to plaintiffs within this district.

## COUNT I

### Trademark Infringement

8. Plaintiffs Mercando and Wine Hostess repeat and reallege the allegations of Paragraphs 1 through 7 of this Complaint and incorporate same as if fully set forth herein.

9. Mercando applied to the United States Patent and Trademark Office for ownership of the name/service mark The Wine Hostess. On May 8, 2007, she received her

certificate for the service mark "The Wine Hostess" under Registration No. 3,239,621. A photocopy of the name/service mark registration granted to Mercando is annexed hereto as Exhibit "1".

10. In November of 2007, Mercando and Wine Hostess became aware that Tom was doing business under the website WinehostessNY.com.

11. On December 6, 2007, Mercando and Wine Hostess, through their attorneys, sent a letter to Tom asking her to cease and desist and to change the name under which she was doing business.

12. On December 9, 2007, Tom wrote back to plaintiffs' attorneys stating:

> "We regret to inform you that, upon review of your cease and desist letter, we have found that your demands are without merit and will not be met."

13. Plaintiffs used the mark "The Wine Hostess" prior to Tom's use of WinehostessN.Y. or Winehostess New York. Tom used the term WinehostessNY.com or Winehostess New York without plaintiffs' knowledge or consent.

14 Tom's business, specifically educating people on wine and wine tasting, is identical or nearly identical to the business of Mercando and Wine Hostess.

15. Tom's use of the trade name/service mark Winehostess NY and Winehostess New York is derived from and substantially similar to The Wine Hostess and infringes upon Mercando's service mark. Such infringement of a confusingly similar name will cause confusion among reasonably careful purchasers of products/services sold by plaintiffs, and will deceive consumers, all in an attempt to trade upon and take advantage of the recognition and good will developed by plaintiffs.

16. By her direct participation in the infringing conduct, and her direct financial interest in the infringing conduct, Tom is personally liable for the infringement described above.

## COUNT II

### Violation of Sections 43(a) and (d) of the Lanham Act

17. Plaintiffs Mercando and Wine Hostess repeat and reallege the allegations of Paragraphs 1 through 16 of this Complaint and incorporate same as if fully set forth herein.

18. Tom has willfully violated Section 43(a) of the Lanham Act by using the word/name Winehostess in a manner that falsely designates its origin and is likely to cause confusion, mistake or to deceive the public as to the origin of her goods and services. She has, in commercial advertising, misrepresented the nature, characteristics, qualities or geographic origin of her goods and services.

19. Tom has willfully violated Section 43(d) of the Lanham Act by having a bad faith intent to profit from plaintiffs' service mark by using a mark or name in cyberspace confusingly similar to plaintiffs' mark.

20. By her direct participation in the conduct and her direct financial interest in the infringing conduct, Tom is personally liable for the conduct described above.

## COUNT III

### Unfair Competition

21. Plaintiffs Mercando and Wine Hostess repeat and reallege the allegations of Paragraphs 1 through 20 of this Complaint and incorporate same as if fully set forth herein.

22. Tom has engaged in common law unfair competition by using a confusingly similar trade dress or name to that of Mercando's Wine Hostess and Winehostess.com in that

such acts will cause confusion and mistake and will deceive consumers with respect to the source or origin of services sold by Tom.

23.  By virtue of her direct participation in the infringing conduct, and her direct financial interest in the infringing conduct, Tom is personally liable for the conduct alleged in Paragraph 22.

**WHEREFORE**, plaintiffs demand judgment and relief against defendant Tom as follows:

A.  A temporary and permanent injunction barring Tom, her agents and servants from infringing Mercando's trade dress, service mark or trademark in any manner, and from selling, marketing or otherwise providing any services under the name Wine Hostess New York, or WinehostessNY.com or Winehostess N.Y.; and

B.  An award of damages to the plaintiffs, pursuant to 15 U.S.C. §1117 including defendant's profits and any damages sustained by plaintiffs; and

C.  An award of damages for defendant's violation of the Lanham Act and unfair competition as determined at trial, with damages for the Lanham Act violation trebled as authorized by 15 U.S.C. §1117; and

D.  Punitive damages in an amount to be determined at trial; and

E.  An award of plaintiffs' costs and disbursements of this action, including actual attorneys' fees; and

F. Such other and further relief as the Court may deem appropriate under the circumstances.

Dated: White Plains, New York
January 9, 2008

                                              **COLEMAN & SEIFE**

                                              _/s/ Alan Seife_
                                              By: ALAN SEIFE (AS 7262)
                                              41 Winslow Road
                                              White Plains, NY 10606
                                              914/997-7543
                                              Attorneys for Plaintiffs

# VERIFICATION

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF WESTCHESTER        )

I, **Lee Ann Mercando**, being duly sworn, deposes and says:

I am the President of Wine Hostess, Inc., the corporate plaintiff in the within action; I have read the foregoing Complaint and know the contents thereof, the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true. The basis of my knowledge is my involvement with the corporate plaintiff and its business.

*[signature]*
Lee Ann Mercando

Sworn to before me this
9th day of January, 2008

*[signature]*
Notary Public

CAROLYN RICCI
Notary Public, State of New York
No. 01RI4950363
Qualified in Westchester
Commission Expires April 24, 2011

7

1-KMK  Exhibit  Document 1    Filed 01/09/2

Int. Cl.: 43

Prior U.S. Cls.: 100 and 101

**United States Patent and Trademark Office**　　Reg. No. 3,239,621
　　　　　　　　　　　　　　　　　　　　　　　　　　　Registered May 8, 2007

## SERVICE MARK
## PRINCIPAL REGISTER

# The Wine Hostess

MERCANDO, LEE-ANN (UNITED STATES INDIVIDUAL)
3 ROLAND ROAD
IRVINGTON, NY 10533

FOR: CONSULTING SERVICES IN THE FIELD OF CULINARY ARTS; PROVIDING INFORMATION ABOUT WINE CHARACTERISTICS; SOMMELIER SERVICES, NAMELY, PROVIDING ADVICE ON WINE AND WINE AND FOOD PAIRING, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 3-11-2006; IN COMMERCE 3-11-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "WINE", APART FROM THE MARK AS SHOWN.

SER. NO. 78-924,577, FILED 7-7-2006.

JOHN GARTNER, EXAMINING ATTORNEY